**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JODI ALLEN, | No. 21-55836 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-02139-JFW-KK |
| v. | |
| LOWE'S HOME CENTERS, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 18, 2022**
Pasadena, California

Before: KLEINFELD, MILLER, and COLLINS, Circuit Judges.

Plaintiff Jodi Allen appeals the district court's grant of summary judgment to

Defendant Lowe's Home Centers, LLC ("Lowe's") in this negligence action. The

district court had original jurisdiction under 28 U.S.C. § 1332(a), and we have

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Conkle v. Jeong*, 73

F.3d 909, 915 (9th Cir. 1995), we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

Allen was injured when he walked into a "big giant steel cart" in the middle of an aisle at one of Lowe's stores. In his complaint, he pleaded two causes of action against Lowe's, namely, negligence and premises liability. "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 384 P.3d 283, 300 (Cal. 2016). The district court granted summary judgment to Lowe's on the issue of duty, rejecting Allen's theories that Lowe's had both a duty to warn of the steel cart and a duty to rectify the dangerous condition created by the cart. On this record, the district court correctly rejected both theories of duty as a matter of law.

1. "There is no duty to warn of an obvious danger," and "[t]he invitor may assume that an invitee will perceive that which would be obvious to him through the ordinary use of his senses." *Beauchamp v. Los Gatos Golf Course*, 77 Cal. Rptr. 914, 919 (Ct. App. 1969); *see also Jacobs v. Coldwell Banker Residential Brokerage Co.*, 221 Cal. Rptr. 3d 701, 708 (Ct. App. 2017) ("Generally, if a danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning, and the landowner is under no further duty to remedy or warn of the condition.") (citation omitted).

According to Allen, he and his daughter went to Lowe's to pick up an order. While they were waiting for the order to be prepared, they wandered around the

2

store looking around. Allen walked down an aisle toward the front of the store "without ever actually looking down the aisle to see where he was walking." He just "kept walking and kept looking [at items on the shelves], kept walking, kept looking" until he "ran into a steel cart." Allen describes the cart as a "big giant steel cart," which was "five foot wide" and "took up almost the entire width of the aisle, with little or no room to walk around it." Additionally, the cart was "stacked up" with "long beam[s]" that were "so high [they] were bending on the cart." According to Allen's daughter, "it did not appear that a customer would be capable of pushing or pulling the cart" because of "the volume of items on the cart and the size of the items." Allen admits that "there was nothing blocking his view of the cart"; that "the cart may have been there the entire time as they walked down the aisle"; and that "he did not look in front of him as he made his way down the aisle before he walked into the cart."

Viewing the evidence in the light most favorable to Allen, we agree that, as a matter of law, Lowe's had no duty to warn of the cart. Although Allen is correct that "[w]hether the danger was obvious to plaintiff [is] a question of fact for the jury," *Atherley v. MacDonald, Young & Nelson, Inc.*, 298 P.2d 700, 706 (Cal. Ct. App. 1956) (citation omitted), that issue may be resolved as a matter of law where—as here—there is "no genuine dispute as to any material fact," *see* FED. R. CIV. P. 56(a), and a reasonable jury could reach only one conclusion. On the

3

record before us, a reasonable trier of fact could only find that the cart was an open and obvious danger. By Allen's own words, the cart was a "big giant steel cart, in the middle of an aisle and occupying most of the aisle." Accordingly, the danger presented by the cart "should be obvious" to any customer "in the ordinary use of his [or her] senses," and Lowe's therefore had no duty to warn of it. *Danieley v. Goldmine Ski Assocs., Inc.*, 266 Cal. Rptr. 749, 755 (Ct. App. 1990); *see also Jacobs*, 221 Cal. Rptr. 3d at 708 (stating that there is no duty to warn of a danger that "a person could reasonably be expected to see").

2. "[A]lthough the obviousness of a danger may obviate the duty to *warn* of its existence, if it is *foreseeable* that the danger may cause injury despite the fact that it is obvious (for example, when necessity requires persons to encounter it), there may be a duty to *remedy* the danger." *Osborn v. Mission Ready Mix*, 273 Cal. Rptr. 457, 468 (Ct. App. 1990). We agree with the district court that it was not reasonably foreseeable that a customer would disregard a "big giant steel cart" in the middle of a store aisle. Nor has Allen presented any facts that would support the view that he was somehow *required* to encounter the cart in the way he did. *Cf. id.* at 469 (holding that the plaintiff was entitled to a jury instruction on a theory of duty to remedy when his work obligations required him to traverse the dangerous condition).

Because Lowe's did not owe Allen a duty of care as a matter of law, the

4

district court correctly granted summary judgment on that basis.[1]

**AFFIRMED.**

---

[1] Because Allen failed to establish the element of duty, we do not consider the parties' arguments concerning any other element of Allen's claims or any other alternative grounds recited by the district court.